The appellant, Daniel Lewis Sharpe, was convicted in the Circuit Court of Mobile County of conspiracy to traffic in a controlled substance, a violation of § 13A-12-204, Code ofAlabama 1975. The appellant was sentenced to 25 years imprisonment.
At trial, the State presented evidence that the appellant had conspired with Brandy Sharpe and Ralph Greenwood to sell 500 Lortab tablets.[1] At the close of the State's evidence, the appellant moved for a judgment of acquittal, claiming that the State had failed to prove a prima facie case of conspiring to traffic in a controlled substance and had failed to present sufficient evidence to corroborate the testimony of a codefendant, Brandy Sharpe. This appeal follows the trial court's denial of those motions.
The appellant contends that Lortab does not fit within the controlled substances listed in the trafficking statute, §13A-12-231, Code of Alabama 1975. Therefore, the appellant argues that he cannot be convicted of conspiracy to traffic in a controlled substance. We agree. *Page 1374 
Under § 13A-12-204(a), Code of Alabama 1975, "A person is guilty of criminal conspiracy to commit a controlled substance crime if he engages in the conduct defined in Section13A-4-3(a), and the object of the conspiracy is a controlled substance crime." Section 13A-4-3(a), Code of Alabama 1975, provides:
 "A person is guilty of criminal conspiracy if, with the intent that conduct constituting an offense be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one or more of such persons does an overt act to effect an objective of the agreement."
The offense underlying the conspiracy charge was trafficking in a controlled substance. Section 13A-12-231 defines the offense of trafficking based upon the controlled substance involved. The prosecution, however, did not specify which subsection of § 13A-12-231 had been violated.
Lortab contains hydrocodone and acetaminophen. SeePhysician's Desk Reference 2751 (51st ed. 1997). Hydrocodone is an opiate, and § 13A-12-231(3) provides that "trafficking in illegal drugs" occurs when "any . . . opium, or any salt, isomer, or salt of an isomer thereof, . . . as described in Section 20-2-23(2) or Section 20-2-25(1)a., or four grams or more of any mixture containing any such substance" is sold, manufactured, delivered, or brought into Alabama. In order to be included in "illegal drugs" under this section, the opiate must be listed on Schedule I or Schedule II, found at §20-2-23(2) and 20-2-25(1)(a), respectively. Hydrocodone is also known as dihydrocodeinone. See Clarke's Isolation andIdentification of Drugs 664 (2d ed. 1986). Dihydrocodeinone is included in § 20-2-27(a)(4), Code of Alabama 1975, lists of Schedule III controlled substances. Lortab, which is composed of hydrocodone, is a Schedule III controlled substance. Therefore, it does not fall under § 13A-12-231(4), Code ofAlabama (1975).
Lortab does not fall within any category of controlled substance found in § 13A-12-231, Code of Alabama 1975, which defines trafficking offenses. Therefore, the sale of Lortab is not a trafficking offense. Because the underlying offense charged in this case is not actually a criminal offense, the appellant could not have had an "intent that conductconstituting an offense be performed . . . ." § 13A-4-3(a),Code of Alabama 1975. Without this intent, there is no crime of conspiracy. The judgment must be reversed, and a judgment rendered for the appellant.
Based on our disposition of the first issue, there is no need to address the appellant's second contention dealing with the lack of corroboration of the codefendant's testimony.
REVERSED AND JUDGMENT RENDERED.
All judges concur.
[1] Lortab contains hydrocodone and acetaminophen.
 *Page 1